# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL L. CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>    Defendant. | No. EDCV 10-1976 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Cheryl Clark filed this action on December 22, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on January 24 and February 10, 2011. (Dkt. Nos. 8, 9.) On December 14, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# PROCEDURAL BACKGROUND

Clark filed an application for supplemental security income, alleging an onset date of January 16, 2008. Administrative Record ("AR") 11, 133-39. The application was denied initially and upon reconsideration. AR 11, 47-50. Clark requested a hearing before an Administrative Law Judge ("ALJ"). AR 66. On March 23, 2010, the ALJ conducted a hearing at which Clark and a vocational expert testified. AR 17-46. On May 28, 2010, the ALJ issued a decision denying benefits. AR 11-16. On October 14, 2010, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A.  Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B.  The ALJ's Findings

The ALJ found that Clark has the severe impairment of chronic obstructive pulmonary disease ("COPD").  AR 13.  She has the residual functional capacity ("RFC") to perform medium work, except she can stand and/or walk for 4 hours out of 8 hours with no fast paced walking and no walking over one block at a time.  *Id.*  She has no restrictions on sitting.  *Id.*  She must avoid concentrated exposure to gas, dust, fumes, pollens, chemicals, moisture and extremes of temperatures.  *Id.*  She is unable to perform her past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform, such as garment sorter, cashier, and hand packager. AR 15-16.  Although the ALJ's hypothetical assumed medium work with limitations, all three representative jobs are light work.  AR 43; Dictionary of Occupational Titles, 753.687-038.

## C.  Credibility

Clark contends the ALJ erred in discounting her symptom testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be

3

expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (*en banc*).  The ALJ found that Clark's "medically determinable impairment could reasonably be expected to cause the alleged symptoms."  AR 14.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

An ALJ is "required to make 'a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  The ALJ concluded that Clark's statements were not credible to the extent they were inconsistent with her RFC.  AR 14.  The ALJ relied on three reasons:  (1) daily activities; (2) conservative treatment; and (3) lack of objective medical evidence.

### 1. Daily Activities

An ALJ may consider the claimant's daily activities as one of many factors in weighing a claimant's credibility.  *Tommasetti*, 533 F.3d at 1039.  Clark testified she could not work mainly due to tiredness and "not being able to breathe."  AR 24, 33.  The ALJ noted Clark's "activities of daily living do not appear to be significantly limited."  AR 14.  Clark "makes her bed, prepares simple meals, does light vacuuming, cares for a pet[,] and does dishes, laundry and grocery shopping."  AR 14, 27-29, 159-64.

Clark argues that these daily activities do not undermine her credibility as to her inability to perform gainful work activity during a 40-hour workweek.  The Commissioner argues that an ALJ may properly reject a claimant's symptom testimony where the

claimant is able to spend a substantial portion of the day performing activities that are transferable to a work setting. JS 16.

Clark testified she was laid off of work and since then her illness has gotten worse. AR 14, 24. Clark's Function Report dated February 2008 indicated she cooks for approximately 35 minutes and performs indoor chores for about one hour per day. AR 159. She goes outside four times per day and travels either by public transportation or as a passenger in a car. AR 160. She can go out alone and shops for food weekly. *Id.* She spends time with her grandchildren weekly but "cannot run and play with grandchildren as much as I like to[]." AR 161. She can lift up to 10 pounds, walk 2/10 of a mile, stand for one hour, and pay attention for one hour. AR 162. She follows written instructions well but has problems remembering certain words in verbal instructions. *Id.*

However, at the hearing on March 23, 2010, Clark testified she has one or two good days out of a week. AR 32. On the good days, she can vacuum, go to the grocery store with her husband, or take her dog outside. However, on the bad days, she spends most of the time on the couch. AR 27, 29, 32-33. "That's the way it's just been for a while." AR 27. She testified she could walk "from here to the ladies' bathroom" but would then be breathing harder  AR 34. She has coughing spells "all day long," and coughs approximately 60 times a day. AR 35. She is down to 1-2 cigarettes per week and is trying to quit. AR 26.

The ALJ's finding that Clark's daily activities are not significantly limited does not necessarily mean she has the ability to perform full-time work in 2010. *See Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (the claimant's limited activities did not constitute convincing evidence that he could function regularly in a work setting). However, remand does not automatically result. In *Carmickle v. Comm'r of the Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid. The court held that when an ALJ provides specific reasons for discounting the claimant's credibility, the

question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning and *ultimate credibility determination*." *Id.* at 1162 (emphasis in original); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("in light of all the other reasons given by the ALJ for Batson's lack of credibility and his residual functional capacity, and in light of the objective medical evidence on which the ALJ relied, there was substantial evidence supporting the ALJ's decision"). Here, the ALJ's credibility assessment remains valid given the conservative treatment and objective medical evidence.

### 2. Conservative Treatment

The ALJ discounted Clark's credibility based on the conservative and infrequent treatment she received. AR 14. "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). The ALJ noted that Clark had been to the emergency room in January and June 2008 complaining of shortness of breath, but "there is no evidence that she has had frequent in-patient hospitalizations on a monthly or yearly basis for the COPD or has had to be intubated." AR 14, 265. The ALJ noted that Clark uses inhalers on an as needed basis, and also takes Advair and prednisone for shortness of breath. AR 15, 26, 265.

During her January 2008 emergency room visit, it was noted that she had a past history of heavy smoking. AR 217. Clark was coughing and had "decreased air entry over the lung fields." AR 218. She had fever, chills, sweats, shortness of breath and nausea. AR 219. Clark's CTAs indicated bronchial inflammation with chronic abnormality. AR 235. Clark was diagnosed with COPD and bronchitis. AR 220. She was admitted to the hospital, and discharged two days later with prescriptions for Advair, prednisone, and antibiotics. AR 239-40.

On June 23, 2008, Clark reported shortness of breath for 2 days. AR 249. She had painful cough and breathing. AR 249-50. Clark was diagnosed with COPD exacerbation and treated with prednisone and an inhaler. AR 251, 258. By 2:35 p.m.,

6

Clark had good air exchange and clear breathing sounds, and was feeling much better. She was released with prescriptions for prednisone and an inhaler. AR 255-58.

Clark's medical records on December 12, 2008, indicate that she complained of nausea but denied respiratory issues and was not in pain. AR 299. There were no emergency room medical records after December 2008.[1]

The ALJ's finding as to conservative treatment is supported by substantial evidence.

### 3. Lack of Objective Medical Evidence

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ noted Clark's January 2008 emergency records, as described above. AR 14, 237. The ALJ noted that when Clark went to the emergency room in June 2008 complaining of shortness of breath, her chest x-ray was normal and blood gases were not at listing level severity. AR 14, 260, 264. Her lungs were free of active disease and her pulmonary vasculature was normal. AR 264. In July 2008, her lungs were clear to auscultation. AR 14, 268. The ALJ noted that when Clark went to the emergency room in December 2008 complaining of nausea and vomiting, she denied any respiratory distress. AR 14-15, 299. There were no emergency room medical records after December 2008. The ALJ's finding as to the objective medical record as a whole is supported by substantial evidence.

Based upon the record as a whole, the ALJ's credibility finding is supported by substantial evidence, and this court "may not engage in second-guessing." *Thomas*,

---

[1] At the March 23, 2010 hearing, Clark testified that she had been to the emergency room due to lung problems three times in the past year. AR 35, 37. The ALJ asked counsel for those records and stated he would hold the record open for two weeks, but counsel could call and ask for more time if needed. AR 44. Counsel submitted the medical record for December 2008 and nothing more. AR 298.

278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)). The ALJ did not err.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 19, 2012

                                                   ALICIA G. ROSENBERG
                                                   United States Magistrate Judge